BARRY, Judge.
WRIT DENIED. On July 25, 1989 relator’s counseled motions to suppress his confession and the evidence were denied by the district court. On July 31, 1989 relator filed a pro se writ in the Supreme Court styled “Wrongful Prosecution” and “Improper Search and Seizure.”[1] That writ was transferred to this Court on August 7, 1989, 547 So.2d 370.
On the showing made, we find no merit in relator’s arguments styled “Wrongful Prosecution” and “Improper Search and Seizure.” Those issues may be raised on appeal.
Relator also filed pro se motions in the district court. By letter dated August 9, 1989 and signed by the acting minute clerk of Section “G”, relator was told
Since you are represented by counsel and he has not signed the motions mailed by you to this court, under Local Rule 10, your motions are not accepted. They are hereby returned to you.
By an August 16, 1989 filing (supplementing the writ which was transferred to this Court) relator complains that he does not know how to reach his court appointed *381 attorney and he is entitled to file motions on his own behalf.
Local Rule 10 of the Court of Appeal, Fourth Circuit[2] provides:
Every paper filed in a criminal case must be signed by counsel of record, or, only when the district court has permitted the defendant to proceed pro se, by the defendant. This rule shall not apply to a case in which the defendant’s conviction is final and the defendant is not actively represented by counsel or where the defendant is complaining of the delay in the processing of the appeal.
This rule was adopted by the judges of the Fourth Circuit Court of Appeal, not by the Orleans Parish Criminal District Court, and may not be used by the District Court to refuse consideration of pro se motions.[3]
Relator is entitled to consideration of his motions but he must re-submit them since the district court returned them.
Relator may reach his attorney, Mr. John Dolan, at Orleans Indigent Defender Program, 2700 Tulane Avenue, New Orleans, Louisiana 70119.

. This latter issue was presumably already considered by the district court in the denial of the motion to suppress evidence. The relationship of the "Wrongful Prosecution" claim to the motion to suppress confession is unclear.

. Local Rule 10 of the Orleans Parish Criminal District Court relates to "Improper Publicizing of Court Proceedings" and is not relevant.

. The minute clerk’s letter was not signed by the trial judge,